IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CITIMORTGAGE, INC. | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-1208-G-BK |
| | § | |
| DAVID CLEMONS, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSION AND RECOMMENDATION**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. The cause is now before the Court on Plaintiff's *Motion to Remand*. (Doc. 4). For the reasons set forth herein, the Court recommends that Plaintiff's *Motion to Remand* (Doc. 4) be GRANTED.

**BACKGROUND**

Plaintiff initiated this action against the *pro se* Defendant in state court for forcible detainer after Plaintiff acquired Defendant's property as a result of a foreclosure sale, but Defendant refused to vacate the premises. (Doc. 2 at 7-8). On June 6, 2011, Defendant removed the case to federal court on the basis of diversity jurisdiction, arguing that he and Plaintiff are citizens of different states, and that the subject real property has a fair market value of over $145,000. (Doc. 2 at 1-2).

On June 29, 2011, Plaintiff filed the instant motion seeking remand of the case to state court. (Doc. 4). Plaintiff argues: that there is no federal question and because Defendant is a citizen of Texas, the state in which this action was brought, he could not remove the case to federal court under the plain language of the removal statute, 28 U.S.C. § 1441. (Doc. 5).

## APPLICABLE LAW AND ANALYSIS

The federal district court has original jurisdiction of all civil actions where the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a). A suit filed in state court is removable to federal court as long as none of the defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b). This is commonly known as the "forum-defendant" rule. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 392 (5th Cir. 2009). Once a case is removed to federal court, a plaintiff may move to remand the case to state court within 30 days after the notice of removal is filed, except on the basis of lack of subject matter jurisdiction which can be raised at any time. 28 U.S.C. § 1447(c). Removal statutes are strictly construed in favor of remand and against removal. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

In this case, Defendant admits in his notice of removal that he is a citizen of Texas. (Doc. 2 at 2, 20). Because Defendant is a citizen of Texas and has removed this case to a federal district court also in Texas, removal was improper under section 1441(b).[1] Accordingly, it is recommended that Plaintiff's *Motion to Remand* (Doc. 4) be **GRANTED** and the case be **REMANDED** to the County Court at Law Number 1, Tarrant County, Texas.

**SO RECOMMENDED**, July 7, 2011.

*[signature]*
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that had jurisdiction been proper in this Court, venue would lie in the Fort Worth Division, as Defendant resides there and the subject property is located there. *See* 28 U.S.C. § 1391. Nonetheless, this Court has retained jurisdiction over this motion for judicial economy and because Defendant has not objected to venue. 28 U.S.C. § 1406(b).

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE